JPL:AB
F. #2023R00666

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JUSTIN NUDELMAN,
BRANDON NUDELMAN,
RONNIE MERSHON and
MICHAEL DADDEA,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
*    FEBRUARY 12, 2025    *
BROOKLYN OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 23-437 (S-1) (AMD)
(T. 18, U.S.C., §§ 371, 922(g)(1), 922(o)(1),
924(a)(2), 924(a)(8), 924(d)(1),
981(a)(1)(C), 1512(k), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 26, U.S.C.,
§§ 5845(a)(6), 5845(b), 5861(d), 5871 and
5872(a); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## COUNT ONE
(Firearms Trafficking Conspiracy)

1.      In or about and between January 2023 and September 2023, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JUSTIN NUDELMAN, BRANDON NUDELMAN, RONNIE MERSHON and

MICHAEL DADDEA, together with others, did knowingly and willfully conspire to engage in

the business of manufacturing and dealing in firearms, without being licensed importers,

manufacturers or licensed dealers, and in the course of such business, to ship, transport and

receive one or more firearms in interstate commerce, contrary to Title 18, United States Code,

Section 922(a)(1)(A).

2.      In furtherance of the conspiracy and to effect its objects, within the

Eastern District of New York and elsewhere, the defendants JUSTIN NUDELMAN,

BRANDON NUDELMAN, RONNIE MERSHON and MICHAEL DADDEA, together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

(a)    On or about March 4, 2023, MERSHON messaged JUSTIN NUDELMAN to facilitate the sale or transfer of one or more firearms.

(b)    On or about March 10, 2023, DADDEA provided JUSTIN NUDELMAN with website links to facilitate the purchase of firearm parts.

(c)    On or about April 21, 2023, JUSTIN NUDELMAN and MERSHON discussed engaging in the business of 3D printing firearms for sale.

(d)    On or about May 20, 2023, MERSHON provided JUSTIN NUDELMAN with a link to a website containing instructions on how to 3D print machine gun conversion devices.

(e)    On or about June 10, 2023, JUSTIN NUDELMAN and BRANDON NUDELMAN arranged the sale or transfer of a firearm.

(f)    On or about June 18, 2023, JUSTIN NUDELMAN and DADDEA arranged the sale or transfer of a firearm.

(g)    On or about August 16, 2023, JUSTIN NUDELMAN and BRANDON NUDELMAN purchased a 3D printer.

(h)    On or about September 3, 2023, MERSHON messaged JUSTIN NUDELMAN to facilitate the sale or transfer of one or more firearms.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Possession of Machineguns)

3.     On or about October 28, 2022, within the Eastern District of New York and elsewhere, the defendant JUSTIN NUDELMAN did knowingly and intentionally possess one or more machineguns, to wit: one machinegun conversion device designed and intended solely and exclusively for use in converting a semi-automatic pistol into a machinegun.

(Title 18, United States Code, Sections 922(o)(1), 924(a)(2), 2 and 3551 et seq.; Title 26, United States Code, Section 5845(b))

## COUNT THREE
(Possession of Unregistered Firearms)

4.     On or about October 28, 2022, within the Eastern District of New York and elsewhere, the defendant JUSTIN NUDELMAN did knowingly and intentionally possess one or more firearms which were not registered to him in the National Firearms Registration and Transfer Record, to wit: one machinegun conversion device designed and intended solely and exclusively for use in converting a semi-automatic pistol into a machinegun.

(Title 26, United States Code, Sections 5861(d), 5845(a)(6), 5845(b) and 5871; Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
(Possession of Machineguns)

5.     On or about and between July 16, 2023 and September 7, 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JUSTIN NUDELMAN did knowingly and intentionally possess one or more

machineguns, to wit: nine machinegun conversion devices designed and intended solely and exclusively for use in converting a semi-automatic pistol into a machinegun.

(Title 18, United States Code, Sections 922(o)(1), 924(a)(2), 2 and 3551 et seq.; Title 26, United States Code, Section 5845(b))

COUNT FIVE
(Possession of Unregistered Firearms)

6.      On or about and between July 16, 2023 and September 7, 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JUSTIN NUDELMAN did knowingly and intentionally possess one or more firearms which were not registered to him in the National Firearms Registration and Transfer Record, to wit: nine machinegun conversion devices designed and intended solely and exclusively for use in converting a semi-automatic pistol into a machinegun.

(Title 26, United States Code, Sections 5861(d), 5845(a)(6), 5845(b) and 5871; Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SIX
(Felon in Possession of Ammunition)

7.      On or about and between July 16, 2023 and September 7, 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JUSTIN NUDELMAN, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce ammunition, to wit: approximately 117 rounds of assorted ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(8), 2 and 3551 et seq.)

### COUNT SEVEN
(Possession of Machineguns)

8.    On or about March 12, 2023, within the Eastern District of New York and elsewhere, the defendant RONNIE MERSHON did knowingly and intentionally possess one or more machineguns, to wit: one machinegun conversion device designed and intended solely and exclusively for use in converting a semi-automatic pistol into a machinegun.

(Title 18, United States Code, Sections 922(o)(1), 924(a)(2), 2 and 3551 et seq.; Title 26, United States Code, Section 5845(b))

### COUNT EIGHT
(Possession of Unregistered Firearms)

9.    On or about March 12, 2023, within the Eastern District of New York and elsewhere, the defendant RONNIE MERSHON did knowingly and intentionally possess one or more firearms which were not registered to him in the National Firearms Registration and Transfer Record, to wit: one machinegun conversion device designed and intended solely and exclusively for use in converting a semi-automatic pistol into a machinegun.

(Title 26, United States Code, Sections 5861(d), 5845(a)(6), 5845(b) and 5871; Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT NINE
(Conspiracy to Obstruct Justice)

10.    On or about September 7, 2023, within the Eastern District of New York and elsewhere, the defendants JUSTIN NUDELMAN and BRANDON NUDELMAN did knowingly and intentionally conspire to corruptly alter, destroy, mutilate and conceal one or more records, documents and other objects, to wit: a cellular telephone and the files contained therein, with the intent to impair such objects' integrity and availability for use in an official

proceeding, to wit: a grand jury investigation in the Eastern District of New York, contrary to Title 18, United States Code, Section 1512(c)(1).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE, TWO, FOUR, SIX AND SEVEN

11.     The United States hereby gives notice to the defendants charged in Counts One, Two, Four, Six and Seven, that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924, including but not limited to the following assets, all seized by law enforcement on or about September 7, 2023 on Staten Island, New York:

(a)     nine privately made machinegun conversion devices;

(b)     one GlockStore, Model SS80, 9 millimeter pistol, a privately made firearm modeled after a Glock Model 43;

(c)     one privately made pistol lower receiver modeled after a semi-automatic pistol, along with an upper receiver and related firearm components;

(d)     12 privately made firearms, including lower receivers and/or frames for semi-automatic pistols; and

(e)     assorted ammunition.

12.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE, FIVE AND EIGHT

13.    The United States hereby gives notice to the defendants charged in Counts Three, Five and Eight that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1), Title 26, United States Code, 5872(a) and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any firearm involved in any violation of Title 26, United States Code, Section 5861(d), and (b) any firearm or ammunition involved in or used in any violation of any criminal law of the United States, including but not limited to the following assets, all seized by law enforcement on or about September 7, 2023 on Staten Island, New York:

(a)    nine privately made machinegun conversion devices;

(b)    one GlockStore, Model SS80, 9 millimeter pistol, a privately made firearm modeled after a Glock Model 43;

(c)    one privately made pistol lower receiver modeled after a semi-automatic pistol, along with an upper receiver and related firearm components; and

(d)    12 privately made firearms, including lower receivers and/or frames for semi-automatic pistols.

14.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the court;

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 26, United States Code, Section 5872(a); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT NINE

15.    The United States hereby gives notice to the defendants charged in Count Nine that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

16.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

(                    /s/
                    FOREPERSON

By *David Pitluck, Assistant U.S. Attorney*
JOHN J. DURHAM
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK